**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-6120

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUEL CLINT BLANCHER,

Defendant - Appellant.

No. 25-6121

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SAMUEL CLINT BLANCHER,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Statesville.  Max O. Cogburn, Jr., District Judge.  (5:02-cr-00004-MOC-1; 5:03-cr-00007-MOC-1)

Submitted:  May 21, 2026                                    Decided:  June 3, 2026

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Megan C. Hoffman, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant. Russ Ferguson, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Clint Blancher appeals the district court's order denying his motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release. The district court determined that Blancher had not established extraordinary and compelling reasons for compassionate release and, even if Blancher had done so, the 18 U.S.C. § 3553(a) factors weighed against his request for relief. On appeal, Blancher questions whether the district court abused its discretion in denying his motion for compassionate release. We affirm.

"Pursuant to 18 U.S.C. § 3582, a court generally may not modify a sentence 'once it has been imposed.'" *United States v. Melvin*, 105 F.4th 620, 623 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)). "But a district court may reduce a sentence through a motion for compassionate release." *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023) (citing 18 U.S.C. § 3582(c)(1)(A)). We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *Id.* (internal quotation marks omitted). "Under this standard, this [c]ourt may not substitute its judgment for that of the district court." *United States v. Bethea*, 54 F.4th 826, 832 (4th Cir. 2022) (internal quotation marks omitted).

"In analyzing a motion for compassionate release, [a] district court[] must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023).

3

"Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.*

"Even if a district court abuses its discretion in assessing whether the defendant presents extraordinary and compelling reasons for release, this [c]ourt may still affirm if the district court's consideration of the § 3553(a) factors was sound." *United States v. Davis*, 99 F.4th 647, 659 (4th Cir. 2024). "Importantly, district courts enjoy broad discretion in analyzing the § 3553(a) factors when deciding a § 3582(c)(1)(A) motion." *United States v. Burleigh*, 145 F.4th 541, 548 (4th Cir. 2025) (citation modified).

"A movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). "District courts must consider new arguments for sentence modification, but they need not address in turn every argument raised by the movant." *Id.* "Rather, [a] district court[] must only set forth enough to satisfy our court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Id.* (internal quotation marks omitted).

We have reviewed the record and Blancher's arguments on appeal, and we conclude that he fails to show the district court abused its discretion in denying his motion. Blancher does not show the district court acted arbitrarily or irrationally, failed to follow statutory requirements, or failed to conduct the necessary analysis for exercising its discretion. Accordingly, we affirm the district court's order. We dispense with oral argument because

4

the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*